# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEROY A. WILSON** | : | **CIVIL ACTION** |
| *Petitioner pro-se* | : | |
| | : | **NO. 19-5205** |
| **v.** | : | |
| | : | |
| **TERESA DELBALSO,** *et al.*, | : | |
| *Respondents* | : | |

# ORDER

**AND NOW**, this 24th day of August 2021, upon consideration of Petitioner Leroy Wilson's ("Petitioner") *pro-se petition for writ of habeas corpus*, [ECF 1], and the Commonwealth's response in opposition thereto, [ECF 10], and after a careful review of the Report and Recommendation issued by United States Magistrate Judge David R. Strawbridge, [ECF 13], to which no objections were filed, it is hereby **ORDERED** that:

(1) The Report and Recommendation is **APPROVED AND ADOPTED**;[1]

(2) Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**;

(3) No probable cause exists to issue a certificate of appealability;[2]

---

[1]    On June 29, 2021, the Magistrate Judge filed a well-reasoned Report and Recommendation ("R&R"), recommending that the *habeas* petition be dismissed because all of Petitioner's claims were either untimely, procedurally defaulted, or both. [ECF 13]. Petitioner, who is released on parole, was sent notice of the R&R on July 1, 2021. A review of the docket entries reveals that Petitioner has not filed any objections and the time to do so has expired. In the absence of any objections, the R&R is reviewed under the "plain error" standard. *See Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Under this plain error standard of review, an R&R should only be rejected if the magistrate judge commits an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007) (internal quotations and citations omitted). After a thorough independent review of the record and the R&R, this Court finds that no error was committed by the Magistrate Judge, agrees with the recommendation, and, therefore, approves and adopts the R&R in its entirety.

[2]    A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate

(4)  Petitioner's motion to appoint counsel, [ECF 12], is **DENIED**; and

(5)  The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

in this action.  Further, Petitioner has not made a substantial showing of the denial of any constitutional right, nor demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484.  Under these circumstances, there is no basis for the issuance of a certificate of appealability.